**SANELE ALE, Plaintiff**

**v.**

**PETER E. REID STEVEDORING, INC., SIATU`U FA`ASIU and
NATIONAL PACIFIC INSURANCE CO., LTD, Defendants**

High Court of American Samoa
Trial Division

AP No. 10-93
(CA No. 95-91)

August 9, 1995

---

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Cheryl Crenwlege
 For Defendants, Brian M. Thompson

Opinion on Remand:

## BACKGROUND

On December 19, 1989, plaintiff Sanele Ale ("Ale") was struck by a vehicle while at work on the American Samoa Government's dock area. The vehicle was driven by defendant Siatu`u Fa`asiu ("Fa`asiu") in the scope of his employment as an employee of defendant Peter E. Reid Stevedoring, Inc. ("Reid Stevedoring"). On May 7, 1993, this court found Reid Stevedoring vicariously liable for damages arising out Fa`asiu's negligent operation of a truck and awarded Ale $25,000 in damages as the result of three broken ribs and lung contusion. However, we did not award Ale damages for his claim of accident-related progressive weakness and sensory loss on his left side. Ale moved for appeal on this issue.

On March 1, 1994, the Appellate Division of the High Court affirmed the following trial court findings: 1) Fa`asiu was negligent in operating the vehicle; 2) Reid Stevedoring was vicariously liable, under the doctrine of respondeat superior; and 3) the accident was the proximate cause of Ale's three broken ribs and lung contusion. The Appellant Division additionally concluded on review of the record and the lower court's discussion of the evidence that Ale did suffer weakness and sensory loss to his left side, but found that the issue of causation "needs to be examined at greater depth." The appellate court, therefore, remanded the case to the trial division with the mandate to allow the parties "the opportunity to submit further evidence and briefs on the extent of Ale's symptoms and the possible causal connection between the accident and Ale's symptoms of weakness and sensory loss on his left side."

## ISSUE ON REMAND

In our decision of May 7, 1993, we held that Ale had failed to submit sufficient evidence at trial to prove that it was more probable than not that the symptoms of weakness and sensory loss on his left side were caused

by the accident. The sole issue on remand is whether or not the accident was the proximate cause of the symptoms. We reiterate at the outset that Ale has the burden of proof to establish a reasonable basis for the conclusion that the accident was, more probable than not, the proximate cause of his symptoms of weakness and sensory loss on his left side. *Prosser & Keeton on Torts*, § 41 at 269 (5th ed. 1984). Mere possibilities are not enough.

## DISCUSSION

On remand, Ale subpoenaed one expert witness, Dr. Aloiamoa Anesi, an internist with the LBJ Medical Tropical Center, who also testified at trial. Dr. Anesi's testimony at the remand hearing was essentially a restatement of his prior testimony, the force of which we considered at trial. He testified that Ale's symptoms "must be" related to the accident. This conclusion is the same reached by Dr. Anesi at trial and offers nothing new to his prior testimony. His testimony is not based on any additional medical reports, tests, and/or explanations, except for an examination of Ale that Dr. Anesi had performed one month before the day of the remand hearing. This examination did not offer anything new regarding the issue of causation, although Dr. Anesi did note that the strength in Ale's left leg had "somewhat" improved. Dr. Anesi further testified that neither a CAT SCAN nor any other objective medical test was ever performed on Ale even though a CAT SCAN would have conclusively shown whether or not there was cerebral injury. Ale was not examined by any other doctors in anticipation of the remand hearing.

Dr. Anesi's testimony that Ale's symptoms were caused by an injury to his brain, an organic pathology,[1] was not based on any definitive medical testing. His conclusion was essentially grounded on the assumption that Ale was concussed by the accident, which resulted in oxygen loss to the brain, and which in turn gave rise to Ale's symptoms of progressive weakness to his left side. At trial, Dr. Anesi had explained that his concussion premise was in part based on an entry in Ale's medical report stating that he was "knocked out," and in part on what the patient himself had told him. However, we seriously doubted, on the strength of the sworn testimony before us at the time, that Ale had at all lost consciousness immediately after the accident, as he has claimed. Again without a CAT SCAN or any other objective test, Dr. Anesi's conclusion

---

[1] Dr. Anesi's position is antithetical to a conclusion of conversion reaction, which is an inorganic psychological pathology.

of concussion can be, in our view, no more than a medical guess based alone on the fact that certain symptoms exist. On the other hand, evidence received at trial in the way of reports from other doctors who had examined Ale, alluded to alternative causative possibilities--that Ale's symptoms might be *inorganic* in pathology, or even trumped up altogether. At the same time, at least one consulting physician was unwilling to hazard a guess on cerebral injury, an organic pathology, without conclusive testing.[2] It is also significant to note that when apprised of a beating which Ale had received in Pago Pago earlier in 1989, which according to Ale had rendered him unconscious, Dr. Anesi at the remand hearing allowed the possibility that Ale's current physical condition could be medically related to the 1989 beating, if Ale had lost consciousness after the incident. While this is also inconclusive evidence that admits no more than possibilities, the possibility that the Pago Pago beating is causally related to Ale's symptoms only adds to our uncertainty as to the proximate cause of those symptoms, given the weight of available medical opinion. In any case, the burden is on Ale to demonstrate that it is more probable than not that the accident was the cause his symptoms rather than the defendants' burden to prove that something else was the more probable cause of plaintiff's symptoms. For the reasons stated above, we find that Dr. Anesi's testimony at the remand hearing is insufficient to sustain a finding that the accident was more probable than not the cause of Ale's symptoms of left side weakness.

## CONCLUSION

Ale has failed to offer sufficient evidence for the court to conclude that it is more probable than not that his symptoms of weakness and sensory loss on his left side are a direct result of the accident. Therefore, judgment shall enter in favor of defendants on the issue remanded.

It is so ordered.

---

[2] Such testing while available off-island and sought by local physicians, was inexplicably omitted when Ale was referred off-island.